IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| PRECIOUS FORD,<br><br>　Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL<br>AUTOMOBILE INSURANCE<br>COMPANY,<br><br>　Defendant.<br>_____ | )<br>)  Civil Action<br>)  No.<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) |

## FIRST COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Precious Ford ("Plaintiff"), by and through undersigned counsel, and files this Complaint for Damages against Defendant State Farm Mutual Automobile Insurance Company ("Defendant") pursuant to the Americans with Disabilities Act ("ADA"), and shows the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f).

2.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391 and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## PARTIES

3.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

4.

Defendant is qualified and licensed to do business in Georgia and at all times material hereto has conducted business within this District. Defendant is subject to specific personal jurisdiction in this Court over the claims asserted herein.

5.

At all times material hereto, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

6.

During all time material hereto, defendant employed fifteen (15) or more employees for the requisite duration under the ADA. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

7.

Defendant is now, and at all times relevant hereto, has been engaged in an industry affecting commerce.

8.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

## **ADMINISTRATIVE PROCEDURES**

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 24, 2017 (Charge No. 410-2018-04986).

10.

The EEOC issued a Determination finding that there is reasonable cause to believe that Defendant violated the ADA when it denied Plaintiff a reasonable accommodation and discharged her based on her disabilities.

11.

The EEOC issued the "Notice of Right to Sue" on March 31, 2021, and this action is being commenced within ninety (90) days of receipt of the Notice.

# FACTUAL ALLEGATIONS

12.

Plaintiff suffers from disabilities, of which Defendant had actual knowledge. In particular, Plaintiff has suffered from major depression, anxiety, stress, and phobia. Additionally, Defendant "regarded" Plaintiff as disabled.

13.

Plaintiff began her employment with Defendant in February 2013, as a claims processor.

14.

Beginning on or around May 20, 2016, Plaintiff requested a reasonable accommodation for her disabilities. One of Plaintiff's requests was to work from home for a period of time.

15.

On or around June 15, Defendant denied Plaintiff's requested accommodation to work from home. Instead, Plaintiff was advised to utilize her available Medical Leave and she was granted an extension of company affiliation through August 8, 2016.

16.

Despite denying Plaintiff's requested accommodation, Defendant allowed

other employees who requested an accommodation to work from home.

17.

On or around August 8, 2016, Plaintiff again requested an accommodation to work from home for a period of time, or, in the alternative, to work a modified schedule for a period of time.

18.

Defendant continued to deny Plaintiff's requested accommodations.

19.

Instead of granting Plaintiff's requested accommodation, Defendant permitted Plaintiff to work a reduced schedule from 8:30 A.M. to 1:30 P.M. through September 15, 2016. Plaintiff was also required to attend a "daily huddle" meeting from 12:45 – 1:00 P.M.

20.

Plaintiff then attempted to engage in the interactive process with Defendant to find a more effective accommodation for her disabilities. For example, she requested a transfer to a vacant position for which she was qualified.

21.

Defendant failed to engage in the interactive process with Plaintiff and denied Plaintiff's request for a transfer as not reasonable.

22.

On or around September 12, 2016, Plaintiff again attempted to engage in the interactive process with Defendant in order to find a more effective accommodation. Plaintiff requested to begin work at 7:00 A.M. for a period of time, but she increased her availability to 6 hours such that she would be able to attend the daily huddle meetings.

23.

Defendant again refused to engage with Plaintiff in the interactive process. Defendant denied Plaintiff's requested accommodation to begin work at 7:00 A.M. without explanation.

24.

Additionally, Defendant penalized Plaintiff throughout this period from the beginning of August 2016, through November 2016, for requesting accommodations and use of hours off for her disabilities. Defendant tracked the hours Plaintiff missed and threatened Plaintiff's employment should she reach the maximum number of allowed illness benefit hours.

25.

In or around early November 2016, Defendant granted Plaintiff an accommodation of limited hours through February 10, 2017, continuing to deny

Plaintiff's request to begin work at 7:00 A.M.

26.

In or around mid-November 2016, Plaintiff's doctor notified Defendant that Plaintiff was unable to work from November 28, 2016, through January 11, 2017, and requested that Plaintiff be allowed to work from home.

27.

Defendant denied Plaintiff's request to work from home and allowed Plaintiff leave for this period instead. Defendant also stated that Plaintiff was required to resume full time work duties on or before February 10, 2017.

28.

On or around January 9, 2017, Plaintiff's doctor notified Defendant that Plaintiff would be unable to return to work until February 18, 2017.

29.

Upon receipt of Plaintiff's request to extend her leave to February 18, 2017, Defendant terminated Plaintiff's employment.

30.

Plaintiff was notified by Defendant that she was terminated on January 19, 2017, and on January 22, 2017.

31.

Any reason given for Plaintiff's termination is pretext for unlawful discrimination based on Plaintiff's disabilities or perceived disabilities, and/or retaliation for Plaintiff engaging in protected activity under the ADA.

32.

At all times relevant to this action, Plaintiff suffered from serious health conditions and disabilities, as those terms have been defined by the ADA, of which the employer had knowledge.

33.

Plaintiff's sought reasonable accommodations under the ADA.

34.

Defendant terminated because of Plaintiff's disabilities, percieved disabilities, and/or need for a reasonable accommodation under the ADA.

35.

At all times relevant, Plaintiff has suffered from disabilities, within the meaning of the ADA, of which the employer had knowledge.

## **CLAIMS FOR RELIEF**

## **COUNTS I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA**

36.

Plaintiff repeats and re-alleges 12-35 paragraphs as if set forth fully herein.

37.

Section 102 of the ADA protects qualified individuals, including Plaintiff, from adverse employment actions based on a known disability of the employee.

38.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

39.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

40.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

41.

At times relevant to this action, Defendant "regarded" Plaintiff as having disabilities such that she is a person with disabilities and/or perceived disabilities within the meaning of the ADA.

42.

Defendant terminated Plaintiff's employment because of her disabilities and her requests for accommodation.

43.

Plaintiff's disabilities and/or need for a reasonable accommodation were determinative factors in Defendant's decision to terminate Plaintiff.

44.

In terminating Plaintiff, Defendant discriminated against Plaintiff because of her disabilities and/or perceived disabilities, and/or need for accommodation, thus violating Plaintiff's rights under the ADA entitling her to all appropriate relief thereunder.

45.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

46.

Defendant treated other employees outside Plaintiff's protected class differently.

47.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

48.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA**

49.

Plaintiff repeats and re-alleges 12-35 paragraphs as if set forth fully herein.

50.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

51.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

52.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

53.

At times relevant to this action, Defendant "regarded" Plaintiff as having disabilities such that she is a person with disabilities and/or perceived disabilities within the meaning of the ADA.

54.

At all times relevant, Plaintiff could perform the essential functions of her position with a reasonable accommodation.

55.

Defendant refused to provide Plaintiff with a reasonable accommodation, even though to do so would not impose an undue hardship.

56.

By refusing to accommodate Plaintiff, Defendant violated the ADA.

57.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

58.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

### **COUNT III:  RETALIATION IN VIOLATION OF THE ADA**

59.

Plaintiff repeats and re-alleges 12-35 paragraphs as if set forth fully herein.

60.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

61.

At times relevant to this action, Plaintiff has been an individual with disabilities as that term has been defined by the ADA.

62.

At times relevant to this action, Defendant and individuals involved in the decision to terminate Plaintiff were aware of Plaintiff's disabilities, including at the time of Defendant's termination of Plaintiff.

63.

At times relevant to this action, Defendant "regarded" Plaintiff as having disabilities such that she is a person with disabilities and/or perceived disabilities within the meaning of the ADA.

64.

Defendant terminated Plaintiff for requesting an accommodation for her disabilities and/or perceived disabilities.

65.

Plaintiff's request for an accommodation of her disabilities and/or perceived disabilities constitutes protected conduct under the ADA.

66.

Defendant retaliated against Plaintiff by terminating her employment on the basis of her request for accommodations.

67.

Defendant terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

68.

Defendant's proffered reasons for terminating Plaintiff's employment are pretext for retaliation.

69.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA.

70.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

71.

Defendant acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is therefore entitled to punitive damages.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon,

(c) Punitive damages;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) All equitable relief available under the ADA and FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which she may be entitled.

This 28th day of May, 2021.

**BARRETT & FARAHANY**

*s/ V. Severin Roberts*
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
severin@justiceatwork.com